UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL CHEEVER,<br><br>Plaintiff,<br><br>v.<br><br>HUAWEI DEVICE USA, INC., et al.,<br><br>Defendants. | Case No. 4:18-cv-06715-JST (KAW)<br><br>**ORDER REGARDING 9/23/19 JOINT DISCOVERY LETTER**<br><br>Re: Dkt. No. 40 |

On September 23, 2019, the parties filed a joint discovery letter pertaining to Plaintiff Paul Cheever's requests for production of documents and interrogatories to Defendants Huawei Technologies, Co., Ltd. ("Huawei Techs") and Huawei Device USA, Inc. ("Huawei Device"), as well as the adequacy of Plaintiff's responses to Huawei Device's requests for production and Huawei Tech's special interrogatories. (Joint Letter, Dkt. No. 40.) All discovery matters in this case were referred to the undersigned after the joint letter was filed.

As an initial matter, the parties have attached six sets of discovery responses to the joint letter, which would otherwise be required to be the subject of six separate joint letters. As a result, the Court is unable to effectively resolve the pending disputes, because the parties are not addressing the same requests. Accordingly, the joint letter is TERMINATED.

Nevertheless, the Court is skeptical of Huawei Techs's position that it does not manufacture, distribute, offer to sell, or sell the accused devices. (Joint Letter at 4.) First, Huawei Techs has already acknowledged that it was the Huawei entity that allegedly licensed Plaintiff's audio recording, "A Casual Encounter," for "the express purpose of preloading the song on Huawei-branded mobile phones and other devices (e.g., tablets)." (5/22/19 Case Management Statement, Dkt. No. 25 at 3.) Second, Huawei Technologies, Co., Ltd. appears prominently on the

packaging and documentation for each of the accused devices Plaintiff has purchased, including a warranty card, so Huawei Techs appears to be warrantying at least one product. (Joint Letter at 2, Ex. F.) The Court is also not persuaded by Defendants' argument that the discovery sought is not relevant under Rule 26, because there is no indication that this is a fishing expedition. (Joint Letter at 4.) Thus, to the extent that Huawei Techs has the information and documents sought within its custody or control that is responsive to the propounded discovery, that information shall be provided, and responses supplemented, within 21 days of this order. It is not sufficient to represent that it will supplement the information or provide documents at a later date. (*See, e.g.,* Huawei Techs's interrogatory responses, Ex. D at 9.)

That said, Defendants are correct that they are not required to provide sales figures for non-party entities. (*See* Joint Letter at 4.) The Court is concerned that Defendants, as a result, are hiding the proverbial ball when it comes to the overall corporate structure of the Huawei entities, and which Huawei entities are involved in manufacturing, sales, and distribution, whether it is Huawei Investment & Holding Co., Ltd. or another, related entity. (*See* Joint Letter, Ex. D at 8.) Plaintiff will presumably obtain this information eventually, so the parties may find it more efficient to meet and confer regarding the corporate structure, so that the case can move forward without undue delay and unnecessary expense.

Accordingly, the parties are ordered to further meet and confer regarding the requests and interrogatories at issue. Should the parties be unable to resolve the disputes in their entirety, the parties shall file a separate joint letter for each discovery device, as required by the undersigned's standing order, which shall be in the format provided therein. (*See* Judge Westmore's General Standing Order ¶ 14, *https://cand.uscourts.gov/kaworders*.)

IT IS SO ORDERED.

Dated: November 1, 2019

KANDIS A. WESTMORE
United States Magistrate Judge